UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| A.M., a minor, by his parent and next friend, TRACY DAVENPORT,<br><br>     Plaintiffs,<br><br>    v.<br><br>DISTRICT OF COLUMBIA<br><br>     Defendant. | Case No. 11-cv-1506 (ABJ) (AK) |

**MEMORANDUM OPINION**

Before the Court is Plaintiffs' Motion for Discovery [5]. Plaintiffs filed a Memorandum of Points and Authorities in Support of the Motion [5-2] on January 6, 2012. Defendant filed an Opposition to the Motion for Discovery [6] on January 20, 2012. Plaintiffs' Motion requests that they be provided sixty days to conduct discovery in this case. Based on the following reasons, Plaintiffs' Motion will be denied.

**I.  BACKGROUND**

Plaintiffs originally brought suit against the District of Columbia alleging that the District of Columbia Public Schools ("DCPS") denied A.M. a free appropriate public education ("FAPE"), as required under the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.* (Compl. [1] at ¶ 1.)  A.M. is an eight-year old student with special

education needs.  (*Id.* at ¶ 4.)  Tracy Davenport ("Davenport"), A.M.'s parent, believed that A.M. was not making progress under his IEP, so she arranged for him to attend Kingsbury Day School ("Kingsbury"), a private school that services children with disabilities, for the 2010-11 school year.  (*Id.* at ¶ 18-19.)

A.M. continued to be enrolled in DCPS as a non-attending student, which required DCPS to revise A.M.'s IEP during the 2010-11 school year.  Davenport asserts that the revised IEP was also deficient, and Plaintiffs filed a due process complaint against DCPS on March 17, 2011.  (*See id.* at ¶¶ 22-51.)  A hearing was held before Hearing Officer James Gerl ("Hearing Officer") on May 11, 2011.  (*Id.* at ¶¶ 51, 54.)  On May 21, 2011, the Hearing Officer issued a decision dismissing Plaintiffs' due process complaint.  (*Id.* at ¶ 68.)

Plaintiffs filed a complaint in this Court seeking to overturn that decision.  Plaintiffs allege five counts, including: (1) DCPS failed to provide A.M. with a FAPE; (2) the Hearing Officer failed to order an appropriate program and placement for A.M.; (3) the Hearing Officer committed factual and legal errors in his Decision; (4) the Hearing Officer violated Plaintiffs' due process rights by showing clear and material bias against Plaintiffs and preventing them from presenting their case; and (5) the D.C. Office of State Superintendent of Education ("OSSE") violated Plaintiffs' rights by failing to appropriately hire, train and monitor the Hearing Officer.  (*Id.* at ¶¶ 84-94.)

Plaintiffs request that the Court vacate the decision of the Hearing Officer, order DCPS to place and fund A.M. at Kingsbury for the 2011-12 school year, and reimburse Plaintiffs for tuition and costs at Kingsbury for the 2010-11 school year.  (*Id.* at pp. 15-16.)  Further, Plaintiffs seek a judgment in their favor and declaratory relief that Defendants violated their rights.  (*Id.*)

## II.  DISCUSSION

20 U.S.C. § 1415(i)(2) allows a party in an administrative due process hearing to challenge the decision of the hearing officer in federal court.  In addition to reviewing the record from the administrative hearing, the federal court "shall hear additional evidence at the request of a party."  20 U.S.C. § 1415(i)(2)(C)(ii).  Despite the statute's use of the word "shall," district courts have discretion to hear and take into account additional evidence under the IDEA.  *Gill v. District of Columbia*, 751 F. Supp. 2d 104, 113 (D.D.C. 2010) (citing *Reid ex rel Reid v. District of Columbia*, 401 F.3d 516, 526 (D.C. Cir. 2005).  *See also E.M. ex rel E.M. v. Pajaro Valley Unified School Dist. Office of Admin. Hearings*, 652 F. 3d 999, 1005 (9th Cir. 2011) ("evidence that is non-cumulative, relevant, and otherwise admissible constitutes 'additional evidence' that the district court 'shall' consider under 20 U.S.C. § 1415(i)(2)(C)(ii).")

In the motion before the Court, Plaintiffs wish to open discovery for a period of sixty days.  (Memo of Points and Authorities in Support of Pls.' Mot. for Discovery ("Pls.' Memo") at 1.)  Plaintiffs seek information regarding the Hearing Officer, including (1) the reason he allegedly truncated some witnesses' testimony and refused to allow other witnesses to testify; (2) his schedule and travel around the date of the hearing; and (3) why he is no longer a hearing officer with OSSE as of December 31, 2011.  (*Id.* at 3-4.)  Further, Plaintiffs want information regarding the Chief Hearing Officer's presence at the hearing, including the reason for his attendance and his observation notes.  (*Id.* at 3.)

The information Plaintiffs seek through discovery is not in the administrative record. (Pls.' Memo at 5.)  Therefore, the information could only be considered in the review of the Hearing Officer's Decision as "additional evidence."  *See* 20 U.S.C. § 1415(i)(2)(C).  As

additional evidence, this Court has discretion to allow the introduction of such evidence. *See Gill*, 751 F. Supp. 2d, at 113 (D.D.C. 2010).

This Court's role is to determine whether the Hearing Officer's Decision was correct based on the IDEA and the relevant facts. *See* 20 U.S.C. § 1415(i)(2). The Hearing Officer determined that DCPS' IEP and proposed placement did not deny A.M. a FAPE and that DCPS did not need to reimburse A.M.'s parent for tuition at Kingsbury for the 2010-11 school year. (Compl. at ¶ 2.)

Much of the information Plaintiffs seek, such as the Hearing Officer's schedule and why he no longer works as a hearing officer, goes to the qualifications of the Hearing Officer and how much time he took in making his determination. (*See* Pls. Memo at 3-4.) Similarly, Plaintiffs seek facts about why the Chief Hearing Officer observed part of the proceedings and how hearing officers are trained - information that could be used to suggest that the Hearing Officer's superiors believed he was doing a poor job. (*See* Pls.' Memo at 3.) Plaintiffs argue that this information goes to the claims in their Complaint alleging that the Hearing Officer's determination was incorrect because he was biased against Plaintiffs and because OSSE failed to appropriately train the Hearing Officer. (*Id.* at 2-4.)

Plaintiffs seek a reversal of the placement and funding determination for A.M. as well as declaratory relief that their rights were violated. Whether the Hearing Officer was biased or not properly trained is not before this Court. The Court's statutory responsibility is to review whether the Hearing Officer's Decision was correct and whether Plaintiffs should be granted the relief they seek. Further, the presence of the Chief Hearing Officer and his purpose for attending the hearing has no bearing on whether the Hearing Officer came to the correct decision.

Generally, parties have the ability to take discovery of information relevant to its claims or defenses. *See* Fed. R. Civ. P. 26(b)(1). However, the information sought by Plaintiffs is irrelevant to the question of whether Plaintiffs should obtain the relief they seek and is unlikely to lead to the discovery of admissible evidence. *Id.*

One of Plaintiffs' arguments deserves further mention. Plaintiffs assert that the Hearing Officer cut off some of Plaintiffs' witnesses and refused to allow other witnesses to testify. (Pls.' Memo at 3.) Plaintiffs do not include any information in their brief regarding the Hearing Officer's alleged cutting off of Plaintiffs' witnesses or refusal to allow witnesses to testify. If Plaintiffs were improperly denied the opportunity to present evidence, they should advise this Court of the specific evidence that was denied and whether the evidence would have been presented at the administrative hearing through witness testimony, introduction of documents or some other form. No discovery would be necessary to provide the Court with such information because the information is already known to Plaintiffs and is in Plaintiffs' possession. The information Plaintiffs seek through discovery, however, is not relevant to whether the Hearing Officer erroneously refused to hear certain testimony.

## III.  CONCLUSION

For the preceding reasons, Plaintiffs' Motion for Discovery will be denied.  A separate order will accompany this memorandum.


Date:  March 16, 2012                                           /s/

                                                          ALAN KAY
                                                          UNITED STATES MAGISTRATE JUDGE